**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4534

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM BRYAN MILLER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (CR-03-109-FL)

Submitted: September 7, 2005      Decided: September 28, 2005

Before LUTTIG, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Bryan Miller, Jr., pled guilty pursuant to a plea agreement to one count of passing counterfeit currency and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2, 472 (2000). At sentencing, the Government moved for a downward departure from the sentencing guidelines because Miller provided substantial assistance. Miller was sentenced to two months' incarceration and two years' supervised release of which no more than 120 days could be home confinement. Miller's counsel filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1976), claiming there were no meritorious issues, but preserving the issue of whether the district court's decision to increase the offense level by one based upon a fact not found by the jury or admitted by Miller as a result of his guilty plea violated the Sixth Amendment. <u>See</u> <u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738 (2005). Miller has declined the opportunity to file a pro se supplemental brief. The Government has chosen not to file a brief. We affirm.

Miller's counsel concedes the validity of Miller's appeal waiver contained in the plea agreement. Miller waived "all rights conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure for the Guideline range that is established at sentencing." (J.A. at 12). Because Miller's counsel concedes that

- 2 -

such waivers are enforceable and there is no dispute as to Miller's competence to voluntarily and knowingly enter into the plea agreement, we find the waiver forecloses review of Miller's sentence.[*]

With respect to the fact that Miller's offense level was increased by one because of the amount of loss, we find there was no error.  Miller agreed to the amount of loss in the plea agreement.  He did not object to the factual basis for the enhancement at sentencing.  Accordingly, the district court did not have to engage in fact finding before confirming the one-point enhancement.

We further find because Miller was sentenced to a term of imprisonment less than the maximum sentence authorized by the facts to which Miller admitted as a result of his guilty plea, there was no Sixth Amendment violation.  United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).  In addition, because the record provides no nonspeculative basis suggesting that the court would have sentenced Miller to a lower sentence had the court sentenced under an advisory guideline scheme, the mandatory application of the sentencing guidelines did not affect his substantial rights.  United States v. White, 405 F.3d 208, 216-24 (4th Cir. 2005).

---

[*]Miller's sentence was not above the statutory maximum or influenced by an upward departure.

Accordingly, we affirm the judgment of the district court. In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
